UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  CV20-4567-RGK (ADS)                                            Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|   Kristee Hopkins   |   None Reported   |
|---|---|
|   Deputy Clerk   |   Court Reporter / Recorder   |

Attorney(s) Present for Petitioner(s):                Attorney(s) Present for Respondent(s):
None Present                                                                 None Present

**Proceedings:**       **(IN CHAMBERS) ORDER TO SHOW CAUSE**

### I.   INTRODUCTION

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Devance Darnell Dean ("Petitioner"), a California state prisoner at Pelican Bay State Prison.  [Dkt. No. 1, p. 2].  Petitioner requests that this Court remand his case to the trial court for a hearing pursuant to People v. Franklin, 63 Cal. 4th 261 (2016), so that he can create a record relating to his youth offender status for later youth offender parole hearings.  [Id., pp. 5, 11-12].

The Court's statutorily required review of the Petition reveals that the Petition appears untimely, fails to state a cognizable claim for federal habeas relief, and appears to be wholly unexhausted.[1]  In addition, Petitioner has failed to file a complete Request to Proceed In Forma Pauperis or pay the required filing fee.

---

[1] Where necessary, the Court takes judicial notice of the public records.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                                    Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

      For the reasons discussed in more detail below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by August 28, 2020** why the instant Petition should not be dismissed with prejudice.

**II.     SCREENING REQUIREMENT**

      Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**III.    THE IFP REQUEST IS INCOMPLETE**

      Petitioner submitted an incomplete Request to Proceed <u>In Forma Pauperis</u> ("IFP Request"). [Dkt. No. 1, pp. 9-10]. Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed with a civil action without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." A court may only authorize the commencement of a civil action without prepayment of fees if the individual submits a statement "of all assets such prisoner possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1).

      Petitioner failed to provide required documentation to support his IFP Request. <u>See</u> [Dkt. No. 1]. Specifically, Petitioner failed to adequately show that he is unable to pay the filing fees for this action and failed to provide the required documentation for the IFP Request. Petitioner did not obtain certification from an authorized officer of the institution nor did he provide a certified copy of his trust fund account statement for the 6-month period prior to the filing of the Petition. As such, Petitioner has made an inadequate showing of indigency and has failed to provide a certified copy of trust fund statement necessary for the Court to consider the IFP Request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                              Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

If Petitioner wishes to proceed with the Petition, he must either (1) pay the $5.00 filing fee or (2) file a complete Request to Proceed In Forma Pauperis with the required supporting documentation by **August 28, 2020**.

## IV.    THE PETITION APPEARS TO BE UNTIMELY

### A.    The Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28. U.S.C. §2244(d)(1)(A). The period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." Bowen v. Roe, 188 R.3d 1157, 1158-59 (9th Cir. 1999); see Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of the judgment).

Here, the Petition is facially untimely. While the Petition fails to provide Petitioner's date of conviction or sentence, [Dkt. No. 1, p. 2], a review of the Superior Court of California, County of Los Angeles website provides Petitioner's sentencing date as February 25, 2008. See Superior Court of California, County of Los Angeles, https://www.lacourt.org. Petitioner did not file an appeal to the California Court of Appeal or California Supreme Court. [Dkt. No. 1, pp. 2-3]. Therefore, his conviction became final sixty days later on April 25, 2008, and the limitations period expired one year later on April 25, 2009. See Cal. R. Ct. 8.308. Since the instant Petition was not filed until May 21, 2020, it appears to be untimely by over eleven years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                              Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

### B. **The Petition Does Not Entitle Petitioner to Any Later Trigger Date**

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date for the statute of limitations.  First, Petitioner does not assert that he was impeded from filing his federal petition by unconstitutional state action.  See 28 U.S.C. § 2244(d)(1)(B).  Second, his claims are not based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2244(d)(1)(C).  Finally, Petitioner has been long aware of the underlying factual predicates of his grounds for relief.  See [Dkt. No. 1]; 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance").  Petitioner here is thus not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1).

### C. **The Petition Does Not Entitle Petitioner to Statutory Tolling**

In certain cases, a habeas petition filed after the statute of limitations can be found timely with statutory tolling.  Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002).  AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a state court's judgment on direct review and the filing of an application for post-conviction review.  28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see, e.g., Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement").  Filing delays longer than sixty days require a showing of good cause.  Robinson v. Lewis, 795 F.3d 926, 930-31 (9th Cir. 2015).

Here, Petitioner has not shown that he is entitled to statutory tolling.  Petitioner did not file this Petition until May 21, 2020, over eleven years after his state court judgment became final on April 25, 2008.  See Superior Court of California, County of Los Angeles, https://www.lacourt.org.  The Petition indicates that he did not file any applications for post-conviction review.  [Dkt. No. 1, pp. 2-5].  Absent a showing of good

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                                             Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

cause for the long delay or a showing that Petitioner filed a habeas petition with the California state courts earlier, statutory tolling is not available to Petitioner.

### D. **The Petition Does Not Entitle Petitioner to Equitable Tolling**

Similarly, a petition filed after the statute of limitations has expired may be timely if equitable tolling applied.  Jorss, 311 F.3d at 1192.  Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("[T]he petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.").  Untimeliness cannot be a result of "oversight, miscalculation or negligence on the petitioner's part."  Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has not argued that equitable tolling applies in this case.  Petitioner has not alleged that an extraordinary circumstance prevented him from filing his federal habeas petition within the one-year statute of limitations.  Without any such demonstration, equitable tolling is not available to Petitioner.

### V. **THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR FEDERAL HABEAS RELIEF**

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief, "the court must summarily dismiss the petition without ordering a responsive pleading."  Mayle v. Felix, 545 U.S. 644, 656 (2005).  28 U.S.C. § 2254 provides that a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The sole ground stated in the Petition seeks remand to the trial court to determine if Petitioner received an adequate opportunity to put information on the record which may be used in a later youth offender parole hearing, pursuant to People v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV20-4567-RGK (ADS)  Date: August 7, 2020

Title: *Devance Darnell Dean v. Jim Robertson*

Franklin, 63 Cal. 4th 261 (2016).  However, federal habeas relief is not available to examine state law determinations of state law questions.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Thus, a request for hearing under Franklin, state case law, is not sufficient for federal habeas review under § 2254(a).  Petitioner does not assert that he is in custody in violation of the Constitution, laws, or treaties of the United States, or that he has been denied a Franklin hearing and that such denial is a violation of federal law.  As such, the Petition fails to state a cognizable claim for federal habeas relief.

## VI.     **THE PETITION APPEARS TO BE WHOLLY UNEXHAUSTED**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2244(b)(1).  "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."  Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.").  The Court may raise the failure to exhaust issue sua sponte and may summarily dismiss on these grounds.  See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988); see also Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1992) ("In habeas corpus cases . . . federal courts may consider sua sponte whether the defendant has exhausted state remedies . . . .").

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).  A petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Cartwright, 650 F.2d at 1104.  To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                                              Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

      Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary.  See O'Sullivan, 526 U.S. at 845-47 (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim").  For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

      Review of the Petition reflects that Petitioner did not fully exhaust his claim in state court.  First, the Petition states that Petitioner did not appeal the judgment of conviction.  [Dkt. No. 1, p. 2].  The Petition also indicates that he did not previously file any habeas petitions in any state court.  [Id., p. 3].  Next, a review of the California Appellate Courts Case Information website did not reveal any records of a prior state appeal or state habeas petition filed by Petitioner in either the California Court of Appeal or California Supreme Court.  See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov.  Therefore, it appears from the face of the Petition that Petitioner has failed to meet his burden of demonstrating that he has fully exhausted his available state remedies.

**VII.   PETITIONER IS ORDERED TO SHOW CAUSE**

      To proceed with this Petition, Petitioner must file a complete IFP Request or pay the $5.00 filing fee.  In addition, the Petition appears untimely, fails to state a cognizable claim for federal habeas relief, and appears to be wholly unexhausted.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE by August 28, 2020** why the Court should not dismiss this action with prejudice.

      In the alternative, by this same date, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV20-4567-RGK (ADS)                                              Date:  August 7, 2020

Title:  *Devance Darnell Dean v. Jim Robertson*

Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, and/or for failure to obey court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**